986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PRESIDIO EXPLORATION, INC., Plaintiff,
v.
ALEXANDER ENERGY CORPORATION, Defendant-Appellee,
Mobil Oil Corporation, Defendant-Appellant,
and
The Roy Reed Trust Partnership, Defendant.
 Nos. 92-6117, 92-6118.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Defendant Mobil Oil Corporation appeals from the district court's denial of its motion for judgment notwithstanding the verdict. Following a jury trial, judgment was entered in favor of plaintiff Alexander Energy Corporation on its fraud and misrepresentation claims. The district court also awarded costs. On appeal, Mobil maintains the district court erred in allowing the misrepresentation claims to go to the jury. The company also argues that Alexander's evidence on damages was insufficient and that the court erred in awarding costs. We affirm.
 
 
 3
 The underlying litigation began when Presidio Exploration Company sued Mobil, Alexander, and the Roy Reed Trust Partnership seeking entitlement to a 12.5% working interest in the Myron No. 18-1 oil well in Dewey County, Oklahoma. The day before the trial was scheduled to begin, all claims, except those which Alexander asserted against Mobil, were dropped. Only Alexander's claims are relevant in this appeal. At trial, Alexander was positioned as the plaintiff and Mobil as defendant.
 
 
 4
 In 1988, Alexander initiated discussions with Roy Reed to obtain permission to drill the well now known as the Myron. Alexander had already determined that Mobil and Roy Reed owned the tract of land in question. Roy Reed informed Alexander that the tract was governed by a Joint Operating Agreement (JOA), which did not allow one interest holder to farmout its ownership interest. To avoid a conflict, Alexander initiated discussions with Mobil's landman, Joyce Silver, concerning the proposed well.
 
 
 5
 During their discussions, Silver showed Alexander representatives certain documents reflecting Mobil's position that the JOA was about to expire. Further negotiations followed. Eventually, Roy Reed agreed to farmout its interest to Alexander. It did so, in part, because it believed the JOA was expired. On September 11, 1989, the Oklahoma Corporation Commission granted Alexander's forced pooling application, which had in it a statement that the JOA on the tract was no longer in effect.
 
 
 6
 Once the pooling application was granted, Mobil had various options as an owner. It chose not to participate in the costs associated with the drilling, but kept a 6.5% production interest. This was substantially less than the 75% interest under the JOA, but relieved Mobil of any financial commitment to the exploration and drilling. Under the pooling order, Alexander was solely responsible for drilling costs, which were substantial.
 
 
 7
 Sometime in 1989, Mobil received additional requests for farmouts on tracts which the "expired" JOA covered. These requests came from companies unrelated to Alexander. On February 13, 1990, Joyce Silver prepared a "lease check" evaluating these requests. That document contained an affirmative statement that the JOA was still in effect. The lease check stated, however, that part of the contract area was subject to the Alexander pooling order. It is undisputed that, according to industry custom and practice, JOA covered lands cannot be force pooled.
 
 
 8
 Mobil's change in position on the status of the JOA put Alexander's interest in substantial jeopardy. The company was not aware, however, that Mobil represented to other oil companies that the JOA was in effect. In fact, although Silver was in contact with Alexander representatives after she drafted the lease check, she did not disclose the company's change in position. At this time, Alexander was already committed to a $400,000 financial expenditure and was scheduled to begin drilling the well in March of 1990.
 
 
 9
 On April 5, 1990, Alexander representatives received a telephone call from Presidio Exploration. Presidio advised Alexander it was claiming an undivided 12.5% interest in the Myron production pursuant to the JOA. Because Presidio was a party to the JOA, but not a recorded leasehold interest owner, previous title checks did not reveal its existence. In subsequent phone conversations with Joyce Silver and Mobil in-house counsel, Alexander was reassured that Mobil had not changed its position with respect to the expiration of the JOA. The underlying litigation with Presidio ensued.
 
 
 10
 In its complaint, Presidio alleged the JOA was still in effect. In its initial answer to that complaint, Mobil stated it had insufficient knowledge to admit or deny the allegation regarding the JOA. On December 31, 1990, however, Mobil filed an amended answer and cross claim alleging that the JOA was in effect. The cross claim alleged Alexander was a trespasser and that the pooling order was void. Mobil claimed an undivided 75% interest in the Myron production.
 
 
 11
 In response, Alexander filed the misrepresentation claims which are at the heart of this appeal. Alexander alleged Mobil fraudulently induced it to complete drilling and fraudulently failed to disclose its change in position. The company argued Mobil did so because it did not want to pay drilling expenses. Alexander urged that Mobil changed its position once the drilling was complete because it wanted a greater share of production than the pooling order allowed. At the time these pleadings were filed, the long term production prospects for the Myron were very good.
 
 
 12
 As discovery proceeded, it became apparent that the Myron was not going to be a strong producer after all. As a consequence, Presidio and Mobil no longer had a great interest in owning it. On the day before trial, those companies dropped their claims. Only Alexander's claims remained. The jury was instructed on Alexander's fraud, constructive fraud, and negligence claims. It found in Alexander's favor and awarded $70,000 in actual damages and $70,000 in punitive damages. Mobil's motion for judgment notwithstanding the verdict was denied. This appeal followed.
 
 I.
 
 13
 We review the district court's denial of the motion for judgment notwithstanding the verdict de novo. First Sec. Bank of Beaver v. Taylor, 964 F.2d 1053, 1055 (10th Cir.1992). The judgment may be overturned " 'only if the evidence points but one way and is susceptible to no reasonable inferences supporting [Alexander].' " Ralston Dev. Corp. v. United States, 937 F.2d 510, 512 (10th Cir.1991) (quoting Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988)). The standard is the same on a motion for directed verdict. Zimmerman, 848 F.2d at 1051.
 
 
 14
 Mobil argues that because it made a misrepresentation of law, rather than fact, Alexander may not recover. In Oklahoma, a plaintiff cannot predicate a fraud claim on a misrepresentation of law because " 'everyone is presumed to know the law, both civil and criminal, and is bound to take notice of it. Hence one has no right to rely on such representations or opinions and will not be permitted to say that he was misled by them.' " First Nat'l Bank & Trust Co. v. Muskogee Discount House, 382 P.2d 137, 139 (Okla.1963) (quoting 23 Am.Jur. Fraud and Deceit § 45). Mobil maintains its alleged wrongful interpretation of the JOA was a legal error.
 
 
 15
 Alexander's misrepresentation claim was premised on Mobil's wrongful change of position. Specifically, the misrepresentation alleged was the concealment of the change in position. It was not, as Mobil suggests, a claim based on misrepresentation concerning the written document alone. In particular, after Presidio asserted a claim to the Myron production, Alexander representatives sought specific assurances from Mobil that it would not change its position in light of the new circumstances. They later did. Mobil's effort to recast this misrepresentation as purely legal is unavailing. The district court did not err in denying the motion for judgment notwithstanding the verdict.
 
 II.
 
 16
 Mobil also argues Alexander's evidence on damages was insufficient, as a matter of law, to support the jury verdict. In diversity cases such as this, we consider sufficiency of the evidence under federal law.[1] FDIC v. Palermo, 815 F.2d 1329, 1335 (10th Cir.1987). We may set aside the jury decision only if "the evidence is so patently in favor of the moving party that a jury verdict in favor of the opposing party would be improper." Peterson v. Hager, 724 F.2d 851, 853-54 (10th Cir.1984). In conducting the sufficiency inquiry, however, we use state law as a guide, where necessary, to review substantive claims. See Palermo, 815 F.2d at 1335.
 
 
 17
 Mobil maintains the damage award cannot stand because Alexander did not satisfy the prerequisites for establishing entitlement to attorney's fees under Oklahoma law. See State ex rel. Burk v. City of Okla. City, 598 P.2d 659, 663 (Okla.1979) (attorneys in Oklahoma must present detailed time records showing work performed). At trial, damage testimony came from two witnesses. Bob Alexander testified his company spent approximately $70,000 defending the Presidio lawsuit. Appellee's Supp.App.Ex. B at 149. Expert Wilson Busby testified extensively on the amount of damages incurred and the reasonableness of the fees submitted. See id. Ex. C at 170-77. Alexander did not, however, submit extensive documentation justifying the fees.
 
 
 18
 This case is distinguishable from Burk and its progeny in one very important respect. Alexander is not seeking attorney's fees as the prevailing party to this action. Rather, the attorney's fees are part and parcel of the damages sustained. They represent monies Alexander had to expend as the result of Mobil's wrongful conduct. See Eureka Inv. Corp. v. Chicago Title Ins. Co., 743 F.2d 932, 943 (D.C.Cir.1984); see also Wilshire Oil Co. v. Riffe, 409 F.2d 1277, 1284-85 (10th Cir.1969) (reasonable compensation should be afforded where a party was involved in previous litigation due to wrongful conduct of defendant).
 
 
 19
 In light of the posture of the damages issue, our only inquiry is under the standard enunciated above for determining whether the denial of judgment notwithstanding the verdict was correct. See Ford Motor Credit Co. v. Milburn, 615 F.2d 892, 894 (10th Cir.1980) (jnov is appropriate only if there is no evidence or it is so conclusive in moving party's favor that jury verdict for opposing party must be set aside). We have reviewed the record and hold the evidence submitted at trial on the damages issue was sufficient to require submission to the jury. The jury's award was not speculative, nor was the evidence so lacking that a directed verdict was proper. Consequently, Mobil's challenge must fail.
 
 III.
 
 20
 Finally, Mobil argues the award of costs was improper because Alexander made no affirmative showing that the items claimed were expended solely in conjunction with its successful claims. We review the award under an abuse of discretion standard. U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir.1988). After carefully reviewing the record, we hold the district court did not err.
 
 
 21
 Consequently, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Alexander maintains Mobil waived this argument through its failure to raise it in its motion for directed verdict at trial. We disagree. The record establishes Mobil argued that Mr. Busby's testimony was insufficient to substantiate the damage claims. See Appellee's Supp.App.Ex. N at 230