Elizabeth SUTTON, Plaintiff,

v.

NEW MEXICO DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, Defendant.

No. Civ. 95–515 BB/DJS.

United States District Court,
D. New Mexico.

March 8, 1996.

William J. Tryon, Albuquerque, NM, for Plaintiff.

Paul M. Schneider, NM Legal Bureau, RMD, Santa Fe, NM, for Defendant.

### MEMORANDUM OPINION

BLACK, District Judge.

This Memorandum Opinion addresses Defendant's motion to dismiss (Doc. 2). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons stated below, finds that Defendant's motion should be GRANTED, and Plaintiff's complaint should be DISMISSED WITH-OUT PREJUDICE.

### I. FACTS AND PROCEDURAL HISTO-RY

Plaintiff Elizabeth Sutton alleges the following facts in her December 12, 1994 complaint. Plaintiff, then an employee of Defendant New Mexico Department of Children, Youth, and Families, was diagnosed with degenerative arthritis in her hip on or about May 10, 1993. She continued to work for Defendant for approximately four weeks after receiving the diagnosis, during which time she was ambulatory with a walker.

Plaintiff underwent surgery on her hip to address her arthritic condition on or about June 7, 1993. After the surgery, Plaintiff was unable to work due to her medical condition. In July 1993, Plaintiff's doctor informed her that she was capable of performing up to four hours of work per day from her home. However, Defendant chose not to give Plaintiff home assignments. In September 1993, Defendant informed Plaintiff that her position would no longer be funded.

Plaintiff alleges that Defendant terminated her employment as a result of her arthritic condition, discriminating against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117 (1990). On May 18, 1995, Defendant moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint, arguing that she has failed to state a claim on which relief can be granted. Defendant contends that Plaintiff is not "disabled" as defined by the ADA, and therefore cannot bring suit under the statute.

### II. LEGAL STANDARDS

In considering a motion to dismiss for failure to state a claim, the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The Court may dismiss a complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

To state a claim under the ADA, a plaintiff must allege, *inter alia*, that she is disabled within the meaning of the ADA. 42 U.S.C. § 12102(2). Under section 12102(2) of the ADA, a disability is: (1) a physical or mental impairment that substantially limits one or more of an individual's major life activities; (2) a record of such impairment; or (3) being regarded as having such an impairment. *Id.* While the ADA does not define the phrase "major life activities," this Court is guided by *Bolton v. Scrivner, Inc.*, 36 F.3d 939 (10th Cir.1994), in which the Tenth Circuit explained the term to mean "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* at 942; *see also* 29 C.F.R. § 1630.2(I) (1995).

In addition, the Tenth Circuit in *Bolton* articulated factors to consider when determining whether an impairment "substantially

limits" a major life activity. The court listed three factors: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long term impact, resulting from the impairment. *Bolton*, 36 F.3d at 942. Considering these factors, the court held that for an impairment to substantially limit a major life activity, it generally must involve some manifestation of severity, significant duration, or permanence. *Id.; see also* Susan E. Chetlin & Mark E. Baker, *Meeting the Challenge at the Mines: The Americans with Disabilities Act,* 96 W.Va.L.Rev. 717, 738 (1994) ("For example, a broken leg that heals normally is a temporary condition that does not affect a major life activity long enough to be substantial."). Thus, temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities within the contemplation of the ADA. 29 C.F.R. § 1630.2(j) (1995); *see also Disabilities in the Workplace* ¶ 2,056.1 (Kelly Leisten et al. eds., 1995); *McDonald v. Pennsylvania Dep't of Pub. Welfare,* 62 F.3d 92, 96–97 (3d Cir.1995); *Oswalt v. Sara Lee Corp.,* 889 F.Supp. 253, 257 (N.D.Miss.1995), *aff'd,* 74 F.3d 91 (5th Cir.1996); *cf. Stevens v. Stubbs,* 576 F.Supp. 1409, 1414 (N.D.Ga.1983) ("Whatever the precise delineations of the term 'impairment,' the court is unconvinced that it encompasses transitory illnesses which have no permanent effect on the person's health.").

## III. DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff has failed to allege a disability under the ADA. To do so, Plaintiff must assert that she (1) suffers from an impairment that (2) substantially limits (3) a major life activity. This Court concludes that Plaintiff's allegations do not meet these pleading requirements.

In her complaint, Plaintiff alleges that:

(10) On approximately May 10, 1993, Plaintiff was medically advised that she had no hip due to a degenerative arthritis condition;

(11) Plaintiff continued to work for Defendant with medi[c]ation until June 4, 1993, during which time she was ambulatory with a walker;

(12) Plaintiff underwent surgery and was not able to work as a result of the arthritis condition;

(13) In July, 1993, Plaintiff was advised that she could work at least four (4) hours a day at home.

Pl.'s Compl. ¶¶ 10–13.

The Court finds that Plaintiff's complaint adequately alleges that she suffers from an impairment. The complaint, however, states neither that the impairment was a substantial limitation nor that it affected a major life activity.

Nevertheless, Plaintiff asserts that the complaint, taken as a whole, suggests the existence of an impairment that substantially limits a major life activity. As discussed *supra,* the Court is aware that for the purposes of Rule 12(b)(6), the pleadings are to be liberally construed and the non-moving party given the benefit of any reasonable inferences. This Court finds that Plaintiff, by inference, has alleged that her impairment affected the major life activities of walking and working. Paragraph 11 of the complaint alleges that immediately before surgery, Plaintiff was only ambulatory with a walker. This suggests that her degenerative arthritis condition somehow diminished the major life activity of walking. *Bolton,* 36 F.3d at 943. Plaintiff also has implied that her condition affected the major life activity of working. Paragraphs 12 and 13 of Plaintiff's complaint allege that due to her arthritic condition and her surgery, she was unable to work at all for four weeks, after which time she was capable of working out of her home for only four hours per day. These paragraphs, taken together, suggest that Plaintiff was in some manner limited in her capacity to work because of her condition.

However, the Court finds that Plaintiff has failed to allege, even by inference, that her impairment *substantially limits* the major life activities of working and walking. Plaintiff has made no allegations regarding the severity, significant duration, or permanence of her condition. Paragraphs 10 through 13 of the complaint allege the existence of Plain-

tiff's condition, her use of medication, her use of a walker, the occurrence of surgery, her physical inability to work for four weeks, and her ability to work for only four hours per day for some unspecified period thereafter. No inference of permanence or long-term impact, and thus of substantial limitation, can be drawn from these allegations.

It may be that Plaintiff's impairment is severe, of significant duration, or permanent. However, even drawing reasonable inferences in Plaintiff's favor, the pleadings do not allow the Court to reach such a decision. A fair reading of the complaint leads to the conclusion that Plaintiff's condition was successfully treated, and as such, would no longer significantly or permanently limit a major life activity.

■ "[T]he paramount interest of Congress in enacting the ADA was to protect the truly disabled." D. Todd Arney, Note, *Survey of the Americans with Disabilities Act, Title I: With the Final Regulations In, Are the Criticisms Out?*, 31 Washburn L.J. 522, 524 (1994). Alleging a temporary physical disability without more than minimal residual effects cannot sustain a claim under the ADA. *Rakestraw v. Carpenter Co.*, 898 F.Supp. 386, 390 (N.D.Miss.1995); *Blanton v. Winston Printing Co.*, 868 F.Supp. 804, 808 (M.D.N.C.1994). *Cf. Paegle v. Department of the Interior*, 813 F.Supp. 61, 62 (D.D.C. 1993) (a back injury of limited duration was not considered handicap under the Rehabilitation Act); *Evans v. City of Dallas*, 861 F.2d 846, 852 (5th Cir.1988) (employee allegedly discharged for excessive absenteeism resulting from knee injury requiring surgery was not considered handicapped under the Rehabilitation Act).

In sum, Plaintiff has failed to state a claim under the ADA because she has not alleged that her impairment substantially limits a major life activity. The Court will therefore GRANT Defendant's motion to dismiss (Doc. 2), and will DISMISS PLAINTIFF'S CLAIM WITHOUT PREJUDICE.