Patricia J. Hallgren vs. Integrated Financial
Corporation & another.[1]

No. 96-P-103.

Middlesex. December 16, 1996. - May 22, 1997.

Present: Dreben, Gillerman, & Greenberg, JJ.

*Anti-Discrimination Law,* Handicap. *Employment,* Discrimination.

A temporary disability of short duration is not a handicap within the
meaning of G. L. c. 151B, § 1. [687-689]

Civil action commenced in the Superior Court Depart-
ment on July 18, 1995.

The case was heard by *Herman J. Smith, Jr.,* J., on a mo-
tion for summary judgment.

*Paul A. Manoff* for the plaintiff.

*Douglas F. Seaver* for the defendants.

Dreben, J. The only issue on appeal is whether a
temporary disability — a knee injury — from which the
plaintiff fully recovered in a month and from which she has
no residual disability, is a handicap within the meaning G. L.
c. 151B, § 1.[2] In this action, brought by the plaintiff alleging
that her termination was discrimination on the basis of her
handicap, a judge of the Superior Court allowed the defen-
dant's motion for summary judgment, holding that "[s]uch a

---

[1]Jonathan E. Price, an officer of the defendant corporation.

[2]In her opposition to the defendant's motion for summary judgment, the
plaintiff did not contest the temporary nature of her impairment. On ap-
peal, at oral argument, her counsel acknowledged that her injury had been
temporary with no residual disability. The plaintiff's opposition to the
defendant's motion in the trial court was based entirely on her argument
that her temporary condition was a handicap within the meaning of c. 151B.
No argument was made in the trial court or here as to the possible applica-
tion of G. L. c. 152, § 75B.

temporary injury does not amount to a handicap or make the plaintiff a handicapped individual." We affirm.

General Laws c. 151B, § 4(16), as inserted by St. 1983, c. 533, § 6, provides in relevant part that it shall be an unlawful practice:

> "[f]or any employer . . . to . . . refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation . . . ."

The defendant argues that the plaintiff did not have a "handicap" within the meaning of c. 151B. As defined in § 1(17), as appearing in St. 1989, c. 722, § 11:

> "The term 'handicap' means (a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment . . . ."

While there is no Massachusetts case law discussing temporary handicaps, there is considerable authority construing the analogous Federal statutes.[3] "Because of the similarity between the Federal and State statutes, the Federal cases are most helpful in the resolution of cases involving G. L. c. 151B, which prohibits employment discrimination against qualified handicapped persons." *Cox* v. *New England Tel. & Tel. Co.,* 414 Mass. 375, 384 (1993). See *LaBonte* v. *Hutchins & Wheeler,* 424 Mass. 813, 816 n.5 (1997). Indeed, the Federal definition of "disability," set forth in the margin, is almost

---

[3]The Federal statutes are the Federal Rehabilitation Act, 29 U.S.C. §§ 701-796 (1994), applicable to Federal agencies and Federal contractors, including programs receiving Federal financial assistance, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. (1994), which applies more generally. The standards to be applied where there is a complaint alleging employment discrimination are the same under both acts. See 42 U.S.C. § 12117(b) (1994); 29 U.S.C. § 794(d) (1994). See also 29 C.F.R. § 1630.1 (b) and (c) (1996).

word for word the definition of "handicap" under c. 151B, § 1(17).[4]

The regulations under the Americans with Disabilities Act (ADA) make clear that not every impairment renders an individual disabled. "The determination of whether an individual has a disability is . . . based on . . . the effect of [the] impairment on the life of the individual." 29 C.F.R. § 1630.2(j), app. at 339 (1996). "[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, but are not limited to, broken limbs, sprained joints, concussions, appendicitis, and influenza." *Ibid.*

The Federal cases are in accord that temporary disabilities not resulting in permanent injuries are not disabilities under the legislation. See, e.g., *Evans* v. *Dallas,* 861 F.2d 846, 852-853 (5th Cir. 1988) (knee injury of noncontinuing nature not handicap within Rehabilitation Act); *McDonald* v. *Pennsylvania,* 62 F.3d 92, 96 (3d Cir. 1995) (two-month recuperation from surgery does not qualify under Rehabilitation Act or ADA); *Sanders* v. *Arneson Prod., Inc.,* 91 F.3d 1351, 1354 (9th Cir. 1996), cert. denied, 117 S. Ct. 1247 (1997) (three and one-half month psychological impairment not a disability within ADA); *Stevens* v. *Stubbs,* 576 F. Supp. 1409, 1414 (N.D. Ga. 1983) (sporadic transitory illness not covered under Rehabilitation Act); *Paegle* v. *Department of Interior,* 813 F. Supp. 61, 64-65 (D.D.C. 1993) (temporary back injury of approximately eight months not handicap for purposes of Rehabilitation Act); *Blanton* v. *Winston Printing Co.,* 868 F. Supp. 804, 807-808 (M.D.N.C.

---

[4]As defined in 42 U.S.C. § 12102(2) (1994) (The Americans with Disabilities Act [ADA]): "The term 'disability' means, with respect to an individual — (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."

The Federal Rehabilitation Act's definition is almost identical. See 29 U.S.C. § 706(8)(B) (1994). The case law applicable to the term "disability" of the earlier act (Rehabilitation Act) is applicable to the ADA. See *McDonald* v. *Pennsylvania,* 62 F.3d 92, 95 (3d Cir. 1995).

"The use of the term 'disabilities' instead of the term 'handicaps' reflects . . . the preference of persons with disabilities to use that term rather than 'handicapped' as used in previous laws . . . ." 29 C.F.R. § 1630(1)(a), app. at 337 (1996), quoting from H.R. Rep. No. 485, 101st Cong., 2d Sess., pt. 3, at 26-27 (1990).

1994) (two and one-half month knee injury not disability under ADA); *Rakestraw* v. *Carpenter Co.*, 898 F. Supp. 386, 390 (N.D. Miss. 1995) (back injury totally cured by surgery one year and ten months after injury is not disability within ADA). See *Katz* v. *City Metal Co.*, 87 F.3d 26, 32 (1st Cir. 1996) (jury question whether plaintiff's heart attack resulted in a continuing limitation of one or more of his major life activities).

The plaintiff argues that the Massachusetts Commission Against Discrimination has taken a contrary position. This is by no means clear as the commission has cited to the Federal regulations providing that the duration of the impairment is a factor that may properly be considered, and has held that brief periods of incapacity do not qualify as a handicap under G. L. c. 151B. *Mueller* v. *Corenco Corp.*, 13 M.D.L.R. 1146, 1157, *S.C.*, 13 M.D.L.R. 1979 (1991). We have not been cited to any case, nor have we found one, where the commission has found coverage for an injury which is of as short duration as is the plaintiff's in this case. But see *Minicucci* v. *Charles Hotel*, 9 M.D.L.R. 1217, 1219 (1987). In any event we are not persuaded that there is any reason to deviate from the construction given to the similar Federal statutes. See *Cox* v. *New England Tel. & Tel. Co.*, 414 Mass. at 382; *Tate* v. *Department of Mental Health*, 419 Mass. 356, 361 (1995).

*Judgment affirmed.*