**Linda L. POINDEXTER, Plaintiff,**

v.

**ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant.**

Civil Action No. 94–2341–GTV.

United States District Court,
D. Kansas.

Aug. 8, 1997.

Mark C. Beam–Ward, Hill, Beam–Ward & Kruse, L.L.C., Overland Park, KS, for Plaintiff.

Nola Wright Viola, Frieden, Haynes & Forbes, Topeka, KS, Margaret S. Garvey, Freeborn & Peters, Denver, CO, for Defendant.

### *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This disability discrimination case is before the court upon defendant Atchison, Topeka and Santa Fe Railway Company's motions to stay execution of judgment (Doc. 79) and for judgment as a matter of law or for a new trial (Doc. 80).[1] For the reasons stated below, Santa Fe's motion for judgment as a matter of law or for a new trial is denied, and its motion to stay execution of judgment is denied in part and granted in part.

### I. *Background*

Plaintiff Linda L. Poindexter brought this disability discrimination action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* Poindexter alleged

---

1. Santa Fe also has filed a motion to bring additional authority to the court's attention (Doc. 85), which is granted. The court considered the additional authority in ruling upon the other motions.

that she suffers from the disability of panic or anxiety attacks and depression, which prevents her from commuting from Lenexa, Kansas to her job in Topeka, Kansas, and that Santa Fe refused to accommodate her disability by transferring her to a position in Kansas City, Kansas. She also alleged that Santa Fe's discrimination was intentional. Santa Fe subsequently filed a motion for summary judgment. The court denied the motion, finding material factual disputes concerning the issues of disability, qualifications, and undue hardship. (Doc. 43).

At the close of trial, Santa Fe moved for judgment as a matter of law under Fed. R.Civ.P. 50(a), which the court denied. The jury returned a verdict in Poindexter's favor, finding that she was disabled under the ADA, that she could perform the essential functions of the job she requested with reasonable accommodation, and that Santa Fe intentionally discriminated against her. The jury awarded compensatory damages in the amount of $75,000.00. After a hearing to determine equitable relief, the court awarded $36,729.00 in back pay plus $4,906.03 prejudgment interest. Because the parties agreed that reinstatement, rather than front pay, was the appropriate remedy, the court ordered that Poindexter be reinstated to Santa Fe's Kansas City office on the extra board. (Doc. 78.)

### II. Santa Fe's Motion for Judgment as a Matter of Law or for a New Trial

Santa Fe has filed a renewed motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). In the alternative, Santa Fe seeks a new trial pursuant to Rule 59.

### A. Legal Standards

If the court denies a party's motion for judgment as a matter of law at the close of the evidence, the movant may renew its request. Fed.R.Civ.P. 50(b). In ruling on a renewed motion following a jury verdict, the court may allow the judgment to stand, order a new trial, or direct entry of judgment as a matter of law. Fed.R.Civ.P. 50(b)(1).

"Judgment as a matter of law is appropriate only when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary bases for a reasonable jury to find for that party on the issue.'" *Finley v. United States,* 82 F.3d 966, 968 (10th Cir. 1996) (quoting Fed.R.Civ.P. 50(a)(1)). The jury's verdict must stand if "viewing the record in the light most favorable to [plaintiff], there is evidence upon which the jury could properly return a verdict for [her]." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1546 (10th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 297, 136 L.Ed.2d 216 (1996).

"A motion for a new trial is not regarded with favor and should only be granted with great caution." *United States v. Sinclair,* 109 F.3d 1527, 1531 (10th Cir.1997)(citing *United States v. Chatman,* 994 F.2d 1510, 1518 (10th Cir.1993)). The decision whether to grant such a motion is committed to the trial court's sound discretion. *McDonough Power Equip., Inc., v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Royal College Shop, Inc. v. Northern Ins. Co.,* 895 F.2d 670, 677 (10th Cir.1990).

A new trial based upon an error of law is unwarranted unless that error affected the substantial rights of the parties. Fed. R.Civ.P. 61; *Heyen v. United States,* 731 F.Supp. 1488, 1489 (D.Kan.1990), *aff'd,* 945 F.2d 359 (10th Cir.1991). Thus, the movant "must demonstrate trial errors which constitute prejudicial error," *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir.1983), and the court must "ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip. v. Greenwood,* 464 U.S. 548, 553, 104 S.Ct. 845, 848–49, 78 L.Ed.2d 663 (1984).

### B. Judgment as a Matter of Law

Santa Fe raises a myriad of issues in its renewed motion for judgment as a matter of law. The contentions include: (1) Poindexter does not have a disability as defined under the ADA; (2) Poindexter did not prove that she was qualified to perform the essential functions of the job in Kansas City; (3) granting the requested accommodation created an undue hardship on Santa Fe; (4) even if Poindexter is covered under the ADA, Santa Fe reasonably accommodated her dis-

**1390**

ability. Santa Fe raised these same arguments in its motions for summary judgment and for judgment as a matter of law at the close of evidence. Before discussing each of these issues, the court briefly will address the legal requirements for an ADA claim.

The ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability of such individual...." 42 U.S.C. § 12112(a). Covered employment activities include "job application procedures, the hiring, advance, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Id.* To establish disability discrimination, a plaintiff must prove (1) that she is a disabled person within the meaning of the ADA; (2) that she is otherwise qualified, that is, she can perform the essential functions of the job with or without accommodation; and (3) that she suffered an adverse employment action based on her disability. *White v. York Int'l Corp.,* 45 F.3d 357, 360–61 (10th Cir.1995).

### 1. Disability

The Tenth Circuit has construed 42 U.S.C. § 12102(2), the statute defining disability, to require two elements: (1) "that the [plaintiff] has, has a record of having, or is regarded as having a physical or mental impairment"; and (2) that her impairment "substantially limits one or more major life activities." *Welsh v. City of Tulsa,* 977 F.2d 1415, 1417 (10th Cir.1992).

■ Santa Fe argues that Poindexter failed to prove that her impairment substantially limits her major life activities. Three factors must be considered in determining whether a substantial limitation is present: "(i) [t]he nature and severity of the impairment; (ii)[t]he duration or expected duration of the impairment; and (iii)[t]he permanent or long term impact, or the expected perma-

nent or long term impact of or resulting from the impairment." *Bolton v. Scrivner,* 36 F.3d 939, 943 (10th Cir.1994) (quoting 29 C.F.R. § 1630.2(j)(1)(2)), *cert. denied,* 513 U.S. 1152, 115 S.Ct. 1104, 130 L.Ed.2d 1071 (1995); *see Sanders v. Arneson Prods., Inc.,* 91 F.3d 1351, 1354 (9th Cir.1996)(plaintiff's temporary psychological four-month impairment, related to diagnosis of cancer, had no lasting residual effects and "was not of sufficient duration to fall within the protections of the ADA as a disability"), *cert. denied,* —— U.S. ——, 117 S.Ct. 1247, 137 L.Ed.2d 329 (1997); *Rakestraw v. Carpenter Co.,* 898 F.Supp. 386, 390 (N.D.Miss.1995)("Temporary injuries with no permanent effects are typically not considered disabilities under the ADA."); 29 C.F.R. Pt. 1630, App. § 1630.2(j) (1996)("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities"). Santa Fe contends that Poindexter's impairment is temporary because she has not suffered any panic attacks since July 1, 1994.

The evidence supports a finding of permanent impairment. Dr. David Sternberg, Poindexter's treating psychiatrist, testified that Poindexter will have to remain on medication even as she improves and that she always will be vulnerable to panic attacks. Additionally, another witness, Mary Burkin, testified about a panic attack Poindexter had in November 1994. Furthermore, Dr. Raja K. Khuri, Santa Fe's Medical Director and Chairman of its ADA Committee, testified that medically speaking, he regarded Poindexter as disabled.

Santa Fe next argues that, as a matter of law, commuting to work is not a major life activity.[2] The court disagrees, reaffirming its previous ruling that the evidence was sufficient to submit the issue to the jury. The jury, which was instructed that major

---

**2.** Santa Fe insists on characterizing the major life activity at issue as working. Poindexter never claimed that her disability prevented her from performing at work. She merely maintained she had problems getting to and from work. Poindexter cites *Lyons v. Legal Aid Soc.,* 68 F.3d 1512 (2d Cir.1995), for the proposition that getting to and from work is a major life activity. In the context of analyzing a reasonable accommodation issue, the *Lyons* court commented:

It is clear that an essential aspect of many jobs is the ability to appear at work regularly and on time, *see, e.g., Carr v. Reno,* 23 F.3d 525, 530 (D.C.Cir.1994) ("an essential function of any government job is an ability to appear for work"), and that Congress envisioned that employer assistance with transportation to get the employee to and from the job might be covered.

68 F.3d at 1516.

life activities include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working," 29 C.F.R. § 1630.2(i) (1996), concluded that Poindexter's impairment substantially limited her major life activities. From the evidence presented, the jury could have found that Poindexter's panic attacks and depression affected more aspects of her life than commuting.

### 2. Qualified

■ Santa Fe declares that Poindexter failed to prove she was qualified to perform the essential functions of the job in Kansas City. Sante Fe maintains that an essential function of that position, as required under the applicable collective bargaining agreement, was the ability to type sixty words per minute and Poindexter could type only forty-five words per minute. Additionally, Santa Fe insists that the requested transfer violated its collective bargaining agreement with Poindexter's union.

The Tenth Circuit has endorsed a two-part test to determine if an individual is qualified under the ADA:

> "First, we must determine whether the individual could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue. Second, if (but only if) we conclude that the individual is not able to perform the essential functions of the job, we must determine whether any reasonable accommodation by the employer would enable [her] to perform those functions."

. . .

The initial inquiry in determining whether a job requisite is essential is whether an employer actually requires all employees in the particular position to perform the allegedly essential function. See 29 C.F.R. Pt. 1630, App. § 1630.2(n). An employer's judgment is also relevant evidence to be considered, as are the terms of any collective bargaining agreement. Id. This inquiry is not intended to second guess the employer or to require him or her to lower company standards. Id.

Milton v. Scrivner, Inc., 53 F.3d 1118, 1123–24 (10th Cir.1995)(quoting White, 45 F.3d at 361–62). The jury was instructed, inter alia, to consider the employer's judgment and the terms of the collective bargaining agreement in determining whether a particular function is essential.

Sante Fe, however, failed to convince the jury, which specifically found that Poindexter could perform the essential functions of the position. See id. at 1124 (essential functions inquiry is "ordinarily a fact question to be decided on a case-by-case basis")(citing 29 C.F.R. Pt. 1630, App. § 1630.2(n)). The evidence supports the jury's finding. Poindexter presented evidence that not all of the positions on the extra board required a typing skill of sixty words per minute. Additionally, Steve Watson, president of the union, testified that he was familiar with the collective bargaining agreement and that such a transfer was possible within the terms of the agreement.

### 3. Undue Hardship

Santa Fe asserts that Poindexter's requested accommodation created an undue hardship because the requested transfer violated the terms of the collective bargaining agreement. See 42 U.S.C. § 12111(9) (reasonable accommodation may include "reassignment to a vacant position"); id. § 12111(10)(A) (undue hardship is "an action requiring significant difficulty or expense"); Boback v. General Motors Corp., No. 95–3836, 107 F.3d 870, 1997 WL 3613, at *5 (6th Cir.1997) ("the ADA does not require an employer to violate the contractual rights of other workers [under a collective bargaining agreement] in an effort to accommodate a single employee"); Daigre v. Jefferson Parish Sch. Bd., No. 96–0856, 1997 WL 16621, at *5 (E.D.La.1997) ("ADA does not require defendants to accommodate disabled individuals by sacrificing the collectively bargained, bona fide seniority rights of other employees"), aff'd, 119 F.3d 2 (5th Cir.1997).

■ It is the employer's burden, of which Santa Fe is aware, to present evidence and demonstrate that the requested accommodation would cause the employer undue hardship. United States v. City & County of Denver, 943 F.Supp. 1304, 1312 (D.Colo.

1996); *Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.,* 914 F.Supp. 454, 457 (D.Kan.1996); *Dutton v. Johnson County Bd. of County Comm'rs,* 859 F.Supp. 498, 504–05 (D.Kan.1994).

■ As previously discussed, Santa Fe failed to prove to the court that the requested transfer was a per se violation of the collective bargaining agreement. Santa Fe also failed to prove to the jury that the transfer violated the agreement. *See* 29 C.F.R. Pt. 1630, App. § 1630.15(d) (1996) ("Whether a particular accommodation will impose an undue hardship for a particular employer is determined on a case by case basis.").

### 4. Reasonable Accommodation

■ Even if Poindexter is covered under the ADA, Santa Fe argues that its payment of her relocation expenses constitutes a reasonable accommodation for her disability. Background information is necessary to understand this argument.

In 1993, Santa Fe eliminated numerous clerk positions in the Kansas City office. Pursuant to an Implementing Agreement between Santa Fe and the union, options offered to employees included a transfer to the Topeka, Kansas office. Poindexter accepted the transfer. Employees who transferred received relocation compensation regardless of whether they actually moved to Topeka or how long they worked in Topeka. Poindexter received $24,040.00 in relocation compensation. She chose not to relocate to Topeka. Poindexter began commuting to Topeka in June 1993. She experienced her first panic attack in October 1993 while driving back from vacation. Her second panic attack occurred the next day as she was driving to her job in Topeka. The court reduced Poindexter's back pay award by the amount of the relocation compensation. (Doc. 77.)

Poindexter correctly observes that employer conduct occurring before the onset of her disability and to which the employer contractually was bound to perform does not constitute a reasonable accommodation. Moreover, the jury's rejection of Santa Fe's argument is implicit in its verdict.

### C. New Trial

■ Santa Fe does not brief its alternative motion for a new trial. Although an unbriefed motion may be denied summarily, *see Commodity Futures Trading Comm'n v. Clothier,* 788 F.Supp. 490, 493 (D.Kan.1992); *United States v. Magdalener,* 718 F.Supp. 1467, 1470 (D.Mont.1987), *aff'd,* No. 87–3107, 872 F.2d 431 (9th Cir. Mar.31, 1989), the court will address the weight of the evidence. The court's inquiry is whether the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. *Black v. Hieb's Enterprises, Inc.,* 805 F.2d 360, 363 (10th Cir.1986). The court concludes, from the evidence presented at trial, that the jury's verdict in this case is not contrary to the weight of the evidence. The court, therefore, denies Santa Fe's motion for judgment as a matter of law or for a new trial.

### III. Santa Fe's Motion to Stay Execution of Judgment

Santa Fe's motion requests a stay of execution of the court's order of reinstatement as well as that part of the judgment awarding Poindexter compensatory damages, back pay, and prejudgment interest. The court addresses each request in turn.

### A. Reinstatement

■ Federal Rule of Civil Procedure 62(c) governs "suspension of equitable or injunctive relief," such as reinstatement, while an appeal is pending. *Dutton,* 884 F.Supp. at 433; *see Radio & Television Broadcast Eng'rs Union, Local 1212 v. WPIX, Inc.,* No. 86–2390, 1989 WL 405760, at *1 (S.D.N.Y. Aug.7, 1989) ("as an order to reinstate an employee is truly an injunctive order, Rule 62(c) governs here"). Rule 62(c) provides in pertinent part:

When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

To obtain a Rule 62(c) stay, the applicant must: "(1) demonstrate its strong position on the merits of the appeal; (2) demonstrate irreparable injury if the stay is denied; (3) show that a stay would not substantially harm other parties to the litigation; and (4) show that the public interest favors a stay." *Dutton,* 884 F.Supp. at 433 (citing *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.,* 962 F.2d 960, 968 (10th Cir.1992); *National Indian Youth Council v. Andrus,* 623 F.2d 694, 695 (10th Cir.1980); *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977)). Santa Fe, as the movant, has the burden of demonstrating these four factors. *First Savings Bank, F.S.B. v. First Bank Sys., Inc.,* 163 F.R.D. 612, 614 (D.Kan.1995). The court finds, after application of these criteria, that Santa Fe has not met its burden of establishing the need for a stay pending appeal of the order of reinstatement.

Santa Fe argues that a stay is appropriate because the case involves issues of first impression, namely, whether Poindexter is disabled, whether she is otherwise qualified, and whether the ADA requires accommodation that violates the collective bargaining agreement. Because the case involves unsettled questions of law, according to Santa Fe, the status quo should be preserved. *See Sweeney v. Bond,* 519 F.Supp. 124, 132 (E.D.Mo. 1981) ("trial courts have issued or stayed injunctions pending appeal where such action was necessary to preserve the status quo or where the legal questions were substantial in matters of first impression"), *aff'd,* 669 F.2d 542 (8th Cir.1982). Santa Fe further contends it is likely to be successful on appeal because the Tenth Circuit has implied that the ADA does not require an accommodation that violates such an agreement. *See Milton v. Scrivner, Inc.,* 53 F.3d 1118, 1125 (10th Cir.1995) (citation omitted).

Santa Fe next argues that a number of its other employees will be irreparably harmed if the stay is not granted. Specifically, defendant claims that Poindexter's reinstatement will cause disruption and turmoil in the workplace because her reinstatement violates the collective bargaining agreement. Santa Fe asserts that Poindexter will suffer no substantial harm if a stay is granted because Santa Fe is willing to make Poindexter "whole" if the Tenth Circuit affirms and because she will have no disruption of her seniority, vacation, or other benefits. Finally, Santa Fe declares a stay is in the public interest because the evidence showed that its intentions were "not willful, malicious, or evil." In fact, according to defendant, the public interest is served by maintaining integrity of the collective bargaining agreement and the seniority rights of other employees.

The thrust of Santa Fe's arguments is that Poindexter's reinstatement violates the collective bargaining agreement. Santa Fe has made, and the court has rejected, this same argument numerous times. The court never found that the ADA requires accommodation in violation of a collective bargaining agreement. What the court did find is that Santa Fe failed to prove that Poindexter's requested transfer violated the agreement. The case proceeded to trial because of material factual disputes. Implicit in the jury's verdict is the jury's rejection of Santa Fe's agreement violation argument. The likelihood of the jury's verdict being set aside on appeal is not strong. *See Presidio Exploration, Inc. v. Alexander Energy Corp.,* 986 F.2d 1428, 1993 WL 53096, at *3 (10th Cir. 1993) (citing *Peterson v. Hager,* 724 F.2d 851, 853–54 (10th Cir.1984)); *Kitchens v. Bryan County Nat'l Bank,* 825 F.2d 248, 251 (10th Cir.1987). Santa Fe has failed to demonstrate a strong position on the merits of the appeal.

The court also finds unavailing Santa Fe's arguments addressing the other three factors. The court is not convinced that the degree of injury that Santa Fe potentially may suffer is sufficiently strong to outweigh the interests of Poindexter and the public in denying the stay. Poindexter currently is not working. If she seeks employment outside of Santa Fe, she loses all benefits and seniority. Additionally, Santa Fe mistakes the evidence—the jury specifically found that defendant's discriminatory action was intentional. The public interest in eradicating discrimination is better served if the stay is denied. *Dutton,* 884 F.Supp. at 434–35. Santa Fe's motion for a stay of the order of reinstatement is denied.

### B. Money Judgment

 Santa Fe is entitled to a stay on execution of the judgment as a matter of right if it posts bond in accordance with Fed.R.Civ.P. 62(d). *Dutton,* 884 F.Supp. at 435; *Wilmer v. Board of County Comm'rs of Leavenworth County,* Kan., 844 F.Supp. 1414, 1417 (D.Kan.1993), *aff'd,* 28 F.3d 114 (10th Cir. July 11, 1994). Rule 62(d) provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

The purpose of requiring a supersedeas bond is to "secure an appellee from loss resulting from the stay of execution." *Miami Int'l Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir.1986). The local rules of this court require the posting of a supersedeas bond in the amount of the judgment plus 25%. D. Kan. R. 62.2.

Santa Fe has not yet posted a supersedeas bond, but has offered to do so. The court grants Santa Fe's motion for stay of the money judgment, providing Santa Fe posts the supersedeas bond on or before August 25, 1997. Judgment has been entered in favor of Poindexter in the total amount of $116,635.03. The amount of Santa Fe's supersedeas bond is $145,793.79.

IT IS, THEREFORE, BY THE COURT ORDERED that Santa Fe's motion for judgment as a matter of law or for a new trial (Doc. 80) is denied.

IT IS FURTHER ORDERED that Santa Fe's motion to stay execution of judgment is denied in part and granted in part. Santa Fe is ordered to reinstate Poindexter to its off-in-force extra board at its Kansas City, Kansas office with seniority and fringe benefits continuing from the date she took medical leave of absence through the date of her reinstatement.

IT IS FURTHER ORDERED that Santa Fe post a supersedeas bond in the amount of $145,793.79 on or before August 25, 1997.

IT IS FURTHER ORDERED that Santa Fe's motion to bring additional authority to the court's attention (Doc. 85) is granted.

**IT IS SO ORDERED.**