66 F.3d 315
 7 NDLR P 84
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alexander B. FOWLER, Jr., Plaintiff-Appellant,
v.
Marvin T. RUNYON, Defendant-Appellee.
 No. 95-1112.
 United States Court of Appeals, Fourth Circuit.
 Sept. 15, 1995.
 
 Alexander B. Fowler, Jr., appellant pro se.
 Kathleen McDermott, Office of the United States Attorney, Baltimore, MD; Lynn D. Poole, United States Postal Service, WD, DC, for appellee.
 Before WIDENER, HALL and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alexander B. Fowler, Jr., appeals the district court's grant of summary judgment to the Defendant in his action alleging discriminatory discharge in violation of Title VII, 42 U.S.C.A. Sec. 2000e-16 (West 1994), and the Rehabilitation Act of 1973, 29 U.S.C.A. Sec. 791 (West Supp.1995). We affirm.
 
 
 2
 Fowler was a letter handler at the United States Postal Service facility in Maryland. In March 1990 Fowler, who suffered from a back problem and had just returned to light duty, was approached by Ms. Whyche, a postal letter carrier. Whyche asked Fowler if it was possible to identify a piece of mail that contained a credit or bank card. Fowler retrieved a letter from a different carrier's route and said that, by feeling the letter, it was possible to determine that it had a bank or credit card. He then handed the letter to the Whyche. Whyche left, taking the letter with her. Sometime later, Whyche offered to give Fowler a jacket, but Fowler declined. At that time, Fowler suspected that Whyche was stealing credit cards out of the mail. Fowler never reported this to his superiors because he did not think it was any of his business.
 
 
 3
 In April 1990, Whyche was arrested for shopping with stolen credit cards. She confessed that she received the cards from Fowler. Fowler was interviewed and he conceded that he misdirected a letter to Whyche that may have contained a credit or bank card. He further admitted that he failed to inform his superiors about his suspicion that Whyche was stealing credit cards. Based on these admissions, Fowler was terminated. Fowler filed a grievance with his union and based on the decision of an arbitrator, Fowler was allowed to return to his position after a thirteen-month hiatus.
 
 
 4
 Fowler filed this action claiming that he was discharged in violation of Title VII. Additionally, he alleged that he was discriminated against on the basis of a handicap, his bad back, in violation of the Rehabilitation Act. Fowler claimed that his supervisors harassed him about the slow progress of his back rehabilitation. Fowler sought back pay for the period of his thirteen month dismissal.
 
 I.
 
 5
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). In determining whether this showing has been made, a court must assess the factual evidence, and all inferences to be drawn therefrom, in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). After a party has moved for summary judgment, the burden rests on the nonmoving party to establish the existence of a genuine issue of material fact by presenting evidence on which a jury could reasonably find in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 II.
 
 6
 In a Title VII action a plaintiff must demonstrate a prima facie case of discrimination by a preponderance of evidence. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); Moore v. Charlotte, 754 F.2d 1100, 1105 (4th Cir.), cert. denied, 472 U.S. 1021 (1985). The burden then shifts to the employer to show some legitimate, non-discriminatory reason for the adverse employment action. Burdine, 450 U.S. at 253. If the employer meets that burden, the burden shifts back to the plaintiff to prove by a preponderance evidence that the employer's reasons are a mere pretext for discrimination. Id.
 
 
 7
 To establish a case of discriminatory discharge, a plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was discharged; and (4) similarly qualified employees were retained. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The district court determined that Fowler failed to establish a prima facie case of discrimination. Fowler failed to meet the second prong of the test. His job performance was not satisfactory because he misdirected the mail and failed to report his suspicions of Whyche's thefts. The court also found that even if Fowler had established a prima facie case, the Defendant was able to articulate a legitimate nondiscriminatory reason for discharging Fowler, that is, Fowler's misdirection of the mail. Burdine, 450 U.S. at 252-53. Consequently, the district court properly granted summary judgment to the Defendant of Fowler's claim on discriminatory discharge.
 
 III.
 
 8
 Fowler claimed that the Defendant discriminated against him due to his handicap, a bad back, in violation of the Rehabilitation Act. The district court found that Fowler was not entitled to relief because his bad back was merely a temporal and temporary incapacitation, not entitled to protections as a handicap under the Act. Evans v. Dallas, 861 F.2d 846, 852-53 (5th Cir.1988). Further, in order to constitute a handicap under the Act, the handicap must "limit a substantial major life activity." Forrisi v. Bowen, 794 F.2d 931, 934-35 (4th Cir.1986). The district court reasoned, based on the evidence in the record, that Fowler's bad back did not limit a major life activity. Thus, because Fowler's ailment did not qualify as a handicap under the Act, the district court properly granted summary judgment to the Defendant.
 
 
 9
 For the reasons set forth above, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.