**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60398

(Summary Calendar)
_____


MARGARET BRASFIELD,

                              Plaintiff-Appellant,

versus

GILMORE MEMORIAL HOSPITAL,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
For the Northern District of Mississippi
(1:94CV151-S-D)
_____

April 2, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Margaret Brasfield appeals the district court's grant of summary judgment dismissing her disability and age discrimination claims, brought pursuant to 42 U.S.C. § 12101, et seq. and 29 U.S.C. § 621, et seq.  We affirm.

I

Brasfield worked at Gilmore Memorial Hospital ("Gilmore") as

_____

[*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

a medical records clerk.  In 1993, Brasfield suffered a serious arm and shoulder injury in a violent assault.  Gilmore repeatedly granted Brasfield successive leaves of absence during which she had two surgeries on her arm and shoulder.  Brasfield was unable to tell Gilmore when she would be able to return to work.  Gilmore required her to sign a form which stated that the hospital was not required to hold her position open.  Gilmore permanently filled Brasfield's position approximately three months after her injury.

Brasfield sought reinstatement with Gilmore nine months after her injury when she was finally able to return to work.  Gilmore offered her several positions, but she was only qualified for the position of ward clerk, which required that she work a late shift and be paid only $5 an hour.  Prior to her injury, Brasfield was earning approximately $12 an hour.  After Brasfield refused all of the positions that Gilmore offered her, she was notified that she had "voluntarily quit" her job.  Three months later, Brasfield accepted a position as medical records clerk with another hospital.

Brasfield then filed suit against Gilmore for violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.  Gilmore moved for summary judgment on the ground that Brasfield presented no evidence that Gilmore had discriminated against her on the basis of age or disability. Gilmore also argued that Brasfield did not have a "disability," as

defined by the ADA.  The district court granted Gilmore's motion for summary judgment, and Brasfield filed a timely appeal.

## II

Summary judgment is appropriate when there is no dispute as to a material fact, and the moving party is entitled to judgment as a matter of law.  *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725 (5th Cir. 1995).  We view issues of fact in the light most favorable to the nonmoving party and review issues of law *de novo.* *Id.*

## A

The ADA prohibits discrimination "against a qualified individual with a disability" because of the individual's disability.  42 U.S.C. § 12112(a).  To qualify for relief under the ADA, a plaintiff must first establish that he or she suffers from a "disability" within the meaning of the Act.  *Id.* at 725.  The ADA defines disability as:

> (A)  a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B)  a record of such an impairment; or
> (C)  being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Brasfield claims that she has a disability as defined under § 12101(2)(A) or § 12101(2)(B) of the ADA.  To establish disability under § 12101(2)(A), Brasfield must prove that her physical impairment substantially limits one or more of her major life activities.  Major life activities include functions such as caring

-3-

for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working, lifting, reaching, sitting and standing.  29 C.F.R. § 1630.2(I);  *Dutcher*, 53 F.3d at 726. Whether a physical impairment substantially limits a major life activity is determined in light of (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or expected long-term impact of the impairment.

We must first determine whether Brasfield is substantially limited in a major life activity other than working.[1]  In her deposition, Brasfield stated that she is unable to lift her arm over her head, to lift heavy objects, or to reach her hand up.[2] However, her deposition also revealed that she still lives alone and fully cares for herself; she is able to drive, cook, wash, and

---

[1]     *Dutcher,* 53 F.3d at 726 n.10 ("If an individual is not substantially limited with respect to any other major life activity, the individual's ability to perform the major life activity of working should be considered.  If an individual is substantially limited in any other major life activity, no determination should be made as to whether the individual is substantially limited in working.") (quoting 42 U.S.C. § 12101(2)(A); 29 C.F.R. § 1630, App. § 1630.2(j)).

[2]     In response to Gilmore's motion for summary judgment, Brasfield gave an affidavit listing ten daily functions which she could no longer perform, including lifting anything heavy, washing her hair, going to the drive-in bank, wearing blouses that button in the front, sweeping, mopping, or sleeping on her left side.  These were intended to establish a factual basis of substantial limitations on her major life activities.  However, Brasfield stated in her deposition that other than not being able to lift her left arm above her head or lift anything heavy with her left arm, she was still able to do everything she could do before her injury.  To the extent that the affidavit contradicts Brasfield's deposition, she cannot use it to defeat the motion for summary judgment. *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir. 1984) ("the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony").

clean. Brasfield has failed to present any evidence from which a jury could find that her impairment substantially limited a major life activity other than working. *See Dutcher*, 53 F.3d at 726 n. 11 (holding that plaintiff had failed to produce evidence from which jury could find she was substantially limited in her major life activities, where plaintiff claimed she could not pick up little things off the floor, hold things up high, hold things tight for periods of time, or turn her car ignition without difficulty, but she could still feed herself, drive, wash dishes, and carry groceries).

We must now decide whether Brasfield's ability to work has been substantially limited. Substantial impairment of the major life activity of working occurs when one is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." *Id.* at 727. An inability to do one particular job does not qualify as a disability. *Id.* Brasfield presents no evidence that she was unable to perform an entire class of jobs. In fact, Brasfield currently works as a records clerk for another employer, doing the same work that she performed before her injury. She testified at her deposition that, for the most part, her impairment does not affect her job performance. Therefore, we find that Brasfield has failed to present any evidence from which a jury could find that her impairment substantially limits a major life activity.

Accordingly, Brasfield fails to qualify as disabled under § 12101(2)(A).

Brasfield also contends that she has a record of an impairment, and therefore is disabled under § 12101(2)(B) of the ADA. Having "a record of such an impairment" is defined as "a history of, or has been classified (or misclassified) as having a . . . physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1613.702(d). Brasfield has not provided any evidence that she has been classified or misclassified as being disabled. The record shows that Gilmore was willing to employ Brasfield in several different positions at the hospital, and another hospital subsequently hired her as a records clerk. Accordingly, there is no factual basis for a jury to find that Brasfield was regarded as "having an impairment that substantially limited a major life activity, whether she had such an impairment or not." *Dutcher,* 53 F.3d at 727.[3]

---

[3] Brasfield argues that her hospitalization and her nine-month inability to work suffice as records of an impairment. For this proposition, she relies upon the Supreme Court's language in *School Bd. of Nassau County v. Arline*, 480 U.S. 273, 281, 107 S. Ct. 1123, 1127, 94 L.Ed.2d 307 (1987), stating that the hospitalization of a patient with tuberculosis created a record of an impairment.

Brasfield was hospitalized during two surgeries on her shoulder. The record does not reflect the amount of time she spent in the hospital. We reject the notion that an individual is disabled simply because she has been hospitalized. *See Evans v. City of Dallas*, 861 F.2d 846, 852-53 (5th Cir. 1988) (holding that hospitalization must be of continuing nature before it can be deemed record of impairment); *see also Demming v. Housing & Redevelopment Auth.*, 66 F.3d 950, 955 (8th Cir. 1995) (agreeing with Seventh and Sixth Circuits in finding that simple hospitalization is insufficient to establish an impairment under the ADA); *Taylor v. United States Postal Serv.*, 946 F.2d 1214, 1217 (6th Cir. 1991) (declining to find that every hospital stay creates record of impairment).

Because Brasfield failed to prove that she was disabled as that term is defined in the statute, the district court did not err when it summarily dismissed Brasfield's ADA claim.

B

Brasfield also argues that the district court erred in granting summary judgment in favor of Gilmore on her ADEA claim.[4] To state a claim under the ADEA, a plaintiff must present evidence that (1) she was discharged; (2) she was qualified for the job; (3) she was within the protected class at the time of the discharge; and (4) either (a) she was replaced by someone outside the protected class, or (b) she was replaced by someone younger, or (c) she was otherwise discharged because of her age. *Rhodes v. Guiberson Oil Tools,* 1996 WL 37846, at *1 (5th Cir. January 31,

---

[4]    Brasfield bases her ADEA claim on the following facts from the record.  Brasfield alleges that her supervisor, Debra May, told her that she was on a "hit list," and that the management "hated her guts."  Brasfield acknowledged in her deposition that May did not say that Brasfield's placement on this list had anything to do with her age, Brasfield simply made this assumption.  Brasfield also alleges that several former Gilmore employees have succeeded in age discrimination cases against Gilmore in support of her claim against Gilmore.

Brasfield further cites an advertisement that Gilmore placed in a newspaper four years before Brasfield's termination recruiting employees to join "a young, effective management team" at Gilmore.  The district court properly refused to consider this evidence in the motion for summary judgment because it was remote in time and bore no connection to Brasfield's discharge.  *See Birbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 512 (4th Cir.) (refusing to consider as evidence of age discrimination statement that "there comes a time when we have to make way for younger people" made two years before plaintiff was discharged because it was too remote in time and did not create an inference of age bias), *cert. denied*, ___ U.S. ___, 115 S. Ct. 666, 130 L. Ed. 2d 600 (1994).  Brasfield also alleges that no other employee was forced to sign the form that Gilmore asked her to sign acknowledging that Gilmore was not required to keep Brasfield's job available for her while she was on leave.  The district court also properly refused to consider this evidence because it was not supported by any affidavits, only Brasfield's allegations.  *See Albertson,* 749 F.2d at 228 (stating that "[a]lthough the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists").

1996) (en banc); *Fields v. J.C. Penney Co., Inc.,* 968 F.2d 533, 536 (5th Cir. 1992). Once the plaintiff establishes a prima facie case of age discrimination, an inference of discrimination arises, and the defendant must articulate a legitimate, nondiscriminatory reason for its actions. *Rhodes,* 1996 WL at *1. If the defendant meets this burden, the inference of discrimination created by the plaintiff's prima facie case disappears, and the burden returns to the plaintiff to raise a genuine issue of material fact that the employer's reason is a pretext for discrimination. *Id.*

In sum, an ADEA plaintiff can avoid summary judgment if the evidence taken as a whole

> (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that age was a determinative factor in the actions of which plaintiff complains. The defendant will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory.

*Rhodes,* 1996 WL at *3.

The district court assumed, as do we, that Brasfield has established a prima facie case under the ADEA. In response, Gilmore has asserted a legitimate, nondiscriminatory reason for Brasfield's discharge. Gilmore explained that it permanently replaced Brasfield while she was on leave because it could not afford to keep her spot open for her return, particularly since it was uncertain whether Brasfield would ever be able to return. Thereafter, Brasfield was discharged because her position was

-8-

filled, and she refused all of the positions offered to her when she was able to return to work. The presumption of discrimination created by Brasfield's prima facie case thus drops from the case, leaving the ultimate question of whether Gilmore intentionally discriminated against Brasfield. Brasfield has presented no credible evidence to rebut Gilmore's legitimate nondiscriminatory reason for Brasfield's discharge or to otherwise create a fact issue as to whether Gilmore intentionally discriminated against her. *See Fields v. J.C. Penney, Inc.,* 968 F.2d 533, 538 (5th Cir. 1992) (stating that "[e]ven if all of the [defendant's] other employees had been terminated for age related reasons, that fact is not probative of the reasons underlying [the plaintiff's] dismissal"); *Elliott v. Group Med. & Surg. Serv.,* 714 F.2d 556, 567 (5th Cir. 1983) (holding that "subjective belief of discrimination, however genuine," is not sufficient evidence to support jury's finding of age discrimination), *cert. denied*, 467 U.S. 1215, 104 S. Ct. 2658, 81 L. Ed. 2d 364 (1984). Therefore, the district court did not err in granting summary judgment in favor of Gilmore on Brasfield's ADEA claim.

## III

For the foregoing reasons, we AFFIRM the district court's judgment.