**Melvin T. McCOTTRY, Plaintiff,**

v.

**Marvin RUNYON, Postmaster General, U.S. Postal Service, Defendant.**

No. 1:95 CV 1564.

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 7, 1996.

**528**

Robert S. Bauders, Cleveland, OH, for
Melvin T. McCottry.

Marlon A. Primes, Office of U.S. Attorney,
Cleveland, OH, for Marvin T. Runyon.

### MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This case is before this Court upon the Federal Defendant's Motion to Dismiss and/or Motion for Summary Judgment. (Doc. # 6). Plaintiff has filed both a Memorandum in Response (Doc. # 14) and a Memorandum in Opposition to Defendant's Motion to Dismiss and/or Motion for Summary Judgment. (Doc. # 39). The matter is now fully briefed and ready for decision by this Court.[1]

Plaintiff filed this case on July 19, 1995. In his Complaint, Plaintiff contends that "he was unlawfully denied reinstatement as a career employee and denied reappointment as a transitional employee because Defendant regarded him as disabled." (Compl. p. 1).[2] Plaintiff contends that the actions of the Defendant constituted violations of § 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791; and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Compl. ¶ 13). Specifically, Plaintiff claims that the Defendant did not reappoint him because he had suffered a "broken leg" and therefore the Defendant "regarded him" as a handicapped individual. Plaintiff contends that there exists evidence to show that the actual reason Defendant did not reappoint Plaintiff was that Defendant had a policy of not reappointing anyone who had an accident on the job. In support of this contention, Plaintiff has presented the deposition testimony of several management personnel of Defendant. These individuals testified that it was general departmental practice to review the safety records of transitional employees and not reappoint those who had accidents on the job. Furthermore, it is Plaintiff's contention that Defendant's decision to not reappoint Plaintiff resulted in a disparate impact and/or treatment of handicapped individuals.

Defendant has filed its Motion for Summary Judgment claiming that the undisputed evidence shows that Plaintiff does not meet the definition of a "handicapped individual" as that term is defined by the Rehabilitation Act of 1973. In addition, the Defendant claims that the discretionary decision to not reappoint Plaintiff was based upon several non-discriminatory factors. Defendant

---

**1.** FED.R.CIV.P. 12(b)(6) provides "[i]f, on the motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

As previously stated, Defendant filed an alternative Motion (Doc. # 6) allowing this Court to determine the matter as a Motion to Dismiss and/or Motion for Summary Judgment. Subse-

quent to the initial filing of the Defendant's motion, the parties entered into discovery. As a result, depositions and affidavits have been attached to the filings of the parties. Therefore, this Court will decide this matter pursuant to the parameters set forth in FED.R.CIV.P. 56. Notice has previously been given to the respective parties.

**2.** The Defendant's action of not reappointing and not reinstating Plaintiff is the basis of this case. For purposes of clarity, throughout this opinion the Court will refer to both actions as reappointment.

claims that Plaintiff was not reappointed after consideration of; 1) his past employment record; 2) his service as a mailhandler in Arizona; 3) his performance during the period of his transitional employment; 4) his safety record; and, 5) the Plaintiff's poor attitude evidenced by his difficulties with his supervisor in regard to work/hour issues.

### I.

In determining whether summary judgment is to be granted, the court must consider only that evidence which is properly before it. Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d

202 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.

The district judge, in considering this type of motion, is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510–11. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> "... the threshold inquiry of determining whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because

they may reasonably be resolved in favor of either party."

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

## II.

■ Plaintiff's claims are founded on the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* The Rehabilitation Act is designed to deter discrimination on the basis of disability by all federally funded private or public entities. In order to maintain a prima facie case the Rehabilitation Act "entails a showing that the Plaintiff was an otherwise qualified handicapped person apart from his handicap, and was rejected under circumstances which give rise to the inference that his rejection was based solely on his handicap." *Jasany v. United States Postal Service,* 755 F.2d 1244, 1250 (6th Cir.1985); *Doherty v. Southern College of Optometry,* 862 F.2d 570 (6th Cir. 1988).

Therefore, the threshold determination in any case brought under the Rehabilitation Act is whether the Plaintiff is a "handicapped individual." The Rehabilitation Act defines a "handicapped individual" as any person who:

(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities,

(ii) has a record of such an impairment, or

(iii) is regarded as having such an impairment.

29 U.S.C. § 706(7)(B).

■ The burden is on the Plaintiff to establish the existence of an impairment that substantially limits a major life activity as an element of his prima facie case. *Jasany,* at 1249.

■ The undisputed facts in this case show that on November 14, 1992, Plaintiff obtained a three-hundred and fifty-nine (359) day appointment as a transitional letter carrier at the United States Postal Service facility in Cleveland, Ohio. Plaintiff suffered a broken leg when he slipped and fell at work on March 18, 1993. As a result of his leg fracture, Plaintiff was temporarily unable to work. During this time, on May 17, 1993, Plaintiff requested reinstatement as a full time career employee or reappointment as a transitional letter carrier. The parties do not dispute that the broken leg resolved itself by June 30, 1993 and Plaintiff returned to full duty work on July 1, 1993. Thereafter, on October 28, 1993 and November 4, 1993, the Defendant denied Plaintiff's requests for reappointment and reappointment, respectively.

Contrary to the assertions set forth by Plaintiff, "intermittent, episodic impairments are not disabilities, the standard example being a broken leg." 29 C.F.R. § 1630.2(j); *see also, Roush v. Weastec, Inc.,* 96 F.3d 840 (6th Cir.1996); *Vande Zande v. State of Wisconsin Dept. of Admin.,* 44 F.3d 538 (7th Cir.1995); *Evans v. City of Dallas,* 861 F.2d 846, 852–853 (5th Cir.1988).

29 U.S.C. § 706(26)(B) sets forth the definition of "disability", as follows:

"(B) ... a physical or mental impairment that substantially limits one or more major life activities."

The term "major life activity" means, "functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1613.702(c). Plaintiff has failed to present any evidence regarding the severity, duration or permanence of his condition that would lead this Court to find that it substantially limits Plaintiff in any manner. Moreover, he has failed to allege that any of his major life activities were "substantially limited" by his broken leg. On the contrary, Plaintiff concedes that his broken leg resolved itself by June 30, 1993. Therefore, as a matter of law, a previously broken leg that has resolved itself and shows no lingering disability does not substantially limit a major life activity. Accordingly, Plaintiff has failed to prove that he suffers from a "disability" within the meaning of the Rehabilitation Act.

This finding, however, does not end the discussion of this case. Plaintiff has also alleged that Defendant "regarded him" as suffering from a disability. The "regarded as having such an impairment" language set forth in 29 U.S.C. § 706(7)(B)(iii) is also the basis for Plaintiff's claim of disability discrimination. Plaintiff claims that the fact that he had a broken leg in early 1993 caused the Defendant to "regard him" as having a

disability and therefore discriminate against him on account of that perceived disability. It is Plaintiff's contention that Defendant discriminated against him based on this perceived disability (broken leg) when it denied Plaintiff reappointment. Moreover, Plaintiff argues that Defendant's policy of not reappointing any transitional employees who had accidents on the job "clearly [had] a disparate impact on individuals with disabilities. The policy screens out or tends to screen out individuals with disabilities from employment opportunities with Defendant." (Doc. # 39, p. 5).

█ To prove that Defendant regarded him as disabled, Plaintiff must provide evidence that Defendant knew of his injury and believed that he was substantially limited because of that injury. *Hamm v. Runyon,* 51 F.3d 721 (7th Cir.1995). Plaintiff has presented no evidence to support this contention.

As stated in *Taylor v. United States Postal Service,* 946 F.2d 1214, 1216 (6th Cir.1991), Sections (ii) and (iii) of the Rehabilitation Act were added in an effort to "preclude discrimination against a 'person who has a record of, or is regarded as having, an impairment [but who] may at present have no actual incapacity at all.'" (Quoting, *School Bd. of Nassau Cty. v. Arline,* 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987)).

█ For purposes of handicap discrimination, the test established in *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), for claims of employment discrimination under Title VII, has been modified as follows:

1) The plaintiff must establish a prima facie case by showing that he was an otherwise qualified handicapped person apart from his handicap, and he was rejected under circumstances which gave rise to the inference that his rejection was based solely on his handicap;

2) Once plaintiff establishes his prima facie case, defendants have the burden of going forward and proving that plaintiff was not an otherwise qualified handicapped person, that is one who is able to meet all of the program's requirements in spite of his handicap, or that his rejection from the program was for reasons other than his handicap.

*Jasany v. United States Postal Service,* 755 F.2d 1244, 1249 (6th Cir.1985).

█ Even assuming *arguendo* that Plaintiff's condition was regarded by Defendant as a handicap, thereby fulfilling the first requirement set forth in *Jasany,* Defendant has demonstrated that Plaintiff's rejection was for reasons other than his purported handicap. The Postmaster has consistently articulated that he had numerous reasons that rendered Plaintiff an inappropriate choice for reappointment. However, Plaintiff attempts to avoid this reality by claiming that Defendant had a policy of not offering reappointment to any transitional employee who had an at work injury. It is Plaintiff's contention that this policy amounts to disparate impact of disabled employees.

What Plaintiff fails to prove is how the Defendant's purported policy could fall within the shelter of the Rehabilitation Act. As previously stated in this opinion, the Rehabilitation Act only covers people with defined "disabilities" who can meet the prima facie definition of a "handicapped individual". 29 U.S.C. § 706(7)(B), *supra.* In the present case, Plaintiff has presented no evidence to show that Defendant's purported policy, even if it did exist, would discriminate against employees who qualify as "handicapped individuals". In sum, Plaintiff has not presented any evidence that Defendant considered disabilities in rejecting reappointment of any individual. Rather, Plaintiff has shown that there exists evidence to show that the Defendant considers the work and safety record of every employee before offering full-time employment or reappointment.

Evidence that the Postmaster may have made a poor decision in not reappointing the Plaintiff does not create liability under the Act. Whether or not the Plaintiff should have been reappointed is not the issue before the Court. Rather, the issue under consideration is whether there is evidence that would show that the Defendant denied reappointment based solely on a handicap, and thus in violation of the Act. *See, Jasany, supra,*

532

*Doherty, supra.* No such evidence has been presented.

 An employer's consideration that a Plaintiff may have injured himself on the job due to unsafe work habits is not the same as the employer's consideration that a Plaintiff is a handicapped person with a disability. Consideration of the past safety record of an employee is a legitimate factor in determining whom to hire an employee. An employer not only has the right, but also may have the duty to consider an individual employee's safety records in determining whom to hire, promote, or fire. The clear evidence presented shows that this is exactly what Defendant has done in this case. In determining which transitional employees to reappoint and reinstate, the Defendant reviewed several factors relevant to continued employment with the Postal Service. One of these factors was the employee's safety record. Plaintiff wants the Court to find that an employer violates the Rehabilitation Act any time it reviews injuries at work, and safety when considering a person for promotion, demotion or hire. To find that employers cannot consider the past safety records of individual employees could preclude employers from being able to create or maintain a safe working environment for all of their employees. This is neither the purpose nor the spirit of the Rehabilitation Act.

In the present case, the only arguably relevant limitation perceived by the Defendant was the Plaintiff's ability to safely conduct his work. This factor *in conjunction with* Plaintiff's past employment record, time served in Arizona, and other considerations, resulted in the Defendant exercising its discretion in deciding not to reappoint the Plaintiff.

Upon consideration of the evidence produced by both sides, the Court finds that Plaintiff McCottry has failed to show that Defendant's proffered reasons for declining to reappoint him were pretextual or that it was the occurrence of his broken leg that motivated the Defendant's decision to not reappoint him as a letter carrier. Similarly, Plaintiff has presented no evidence to create a genuine issue of material fact that this action by the Defendant constituted a violation of either § 501 or § 504 of the Rehabilitation Act of 1973. Furthermore, Plaintiff has presented no evidence to show that the alleged policy of Defendant created a disparate impact or amounted to a disparate treatment of disabled employees.

### III.

For the foregoing reasons, the Federal Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 6) is GRANTED.

Accordingly, this matter is DISMISSED in its entirety, with prejudice.

All costs to Plaintiff.

IT IS SO ORDERED.

### ORDER

Pursuant to the Memorandum of Opinion filed contemporaneously herewith, the Federal Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 6) is GRANTED.

The herein cause is DISMISSED with prejudice. All costs to Plaintiff.

IT IS SO ORDERED.